IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                              No. CR 09-2056 JB

LEROY ALLEN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Sentencing Memorandum in Support of Defendant's Request that the Court Accept His Plea, filed January 21, 2011 (Doc. 44). The Court held a sentencing hearing on January 28, 2011. The primary issue is whether the Court should accept the plea agreement under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which embodies a substantial variance from the advisory guideline range. Because the Court is satisfied that the sentence of 192 months, which is included in the plea agreement, departs for justifiable reasons, the Court will grant Defendant Leroy Allen's request that the Court accept his plea agreement.

The Court notes that Allen sexually abused his stepdaughter, a minor. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Defendant Leroy Allen on December 23, 2010. In the PSR, the USPO calculated Allen's total offense level at 42 and his criminal history category at II, establishing a guideline imprisonment range of 360 months to life. The Court has reviewed the PSR's factual findings with care. There not being any objections to those, the Court will adopt those as its own with the exception of the change the Court

made to paragraph 3(c) -- to reflect the correct waiver of appeal in the plea agreement. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). The Court has carefully considered Allen's arguments in his Sentencing Memorandum, the PSR, and counsel's arguments at the sentencing hearing. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which includes a specific sentence of 16 years or 192 months, because the Court is satisfied that the agreed sentence departs for justifiable reasons.

The defense faced problems in going to trial. The evidence against Allen was substantial. The victim is articulate and was very adamant about testifying that the offenses occurred in the way she described them. The victim was willing to testify. The victim's testimony would have been very persuasive to a jury. The victim reported the offense almost immediately and physical evidence was obtained. The victim was examined at a hospital, and there were photographs taken of the areas in question. Had the case gone to trial, this evidence would have come in, and would have been damaging to the defense. Furthermore, there was some DNA evidence that likely would have come in during trial. Although the evidence against Allen was strong, the United States did not have a confession from Allen. The United States wanted a conviction in this case, and it is not guaranteed that the jury would have convicted Allen had the case gone to trial. The victim recently turned eighteen years of age and is graduating from high school this year. The victim has represented that she is ready to move on with her life. The victim and her aunt, who is her guardian, have indicated that this incident has put a strain on their entire family.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes, after carefully considering counsel's arguments, that the punishment

that the guidelines set forth is not appropriate for this sort of offense. The Court has also considered the kinds of sentence and ranges that the guidelines establish, and the Court agrees that a sentence of 192 months reflects the seriousness of this offense. Certainly a thirty-year sentence would reflect the seriousness of this offense, but the Court believes that 192-month sentence does as well. The Court believes that a 192-month sentence is sufficiently long to promote respect for the law. The Court believes that a number of factors indicate that a 192-month sentence provides a just punishment. The evidence against Allen is very strong, so a lengthy sentence is necessary, but, as the United States pointed out, there is no confession in this case. Allen has maintained his innocence. Given this defense, and given the standard of proof beyond a reasonable doubt, a jury might not convict Allen. The Court believes that a 192-month sentence affords adequate deterrence for Allen and provides general deterrence. The Court believes that a sentence of 192 months is adequate to protect the public. Certainly a longer period of time would provide more deterrence and more protection, but because of some things the Court will put in place for supervised release, the Court can enhance the protection of the public. Because of some of the things the Court will include as part of supervised release, the Court believes that it will effectively provide Allen with the needed education, training, and care to overcome the sexual problems that he has.

After careful consideration of the plea agreement, the Court believes that a sentence of 192 months fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court does not believe the wishes of the victim and her family should be a controlling factor in its analysis under 18 U.S.C. § 3553(a), the Court nonetheless believes that the wishes of the victim play some role in providing a just punishment. Here, she desires, and her aunt desires, to move on, and her lack of presence at the sentencing hearing suggests that this incident has had a significant strain on her and her family. The Court believes that these wishes are factors in providing a just

punishment. The public and congressional intent is paramount to individual wishes in sentencing, but the Court believes that these wishes indicate that a sentence of 192 months provides just punishment. And while the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court believes a sentence of 192 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Leroy Allen's requests in his Sentencing Memorandum in Support of Defendant's Request that the Court Accept His Plea, filed January 21, 2011 (Doc. 44), that the Court accept the plea agreement and impose a sentence of 192 months, are granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Alonzo J. Padilla
  Federal Public Defender
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

*Attorney for the Defendant*