# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>**Leroy Allen** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR02056-001JB**<br>USM Number: **48646-051**<br>Defense Attorney: **Alonzo Padilla, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 224(a); 18 U.S.C. Sec. 2246(2)(A) | Aggravated Sexual Abuse, Crime in Indian Country; 18 U.S.C. 1153 | 01/15/2007 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 28, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 29, 2011**
Date Signed

Defendant: **Leroy Allen**
Case Number: **1:09CR02056-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **192 months**.

**The Court incorporates its Memorandum Opinion and Order, filed March 25, 2011 (Doc. 51). The Court notes that Defendant Leroy Allen sexually abused his stepdaughter, a minor. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Defendant Leroy Allen on December 23, 2010. In the PSR, the USPO calculated Allen`s total offense level at 42 and his criminal history category at II, establishing a guideline imprisonment range of 360 months to life. The Court has reviewed the PSR`s factual findings with care. There not being any objections to those, the Court will adopt them as its own with the exception of the change the Court made to paragraph 3(c) -- to reflect the correct waiver of appeal in the plea agreement. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). The Court has carefully considered Allen`s arguments in his Sentencing Memorandum, the PSR, and counsel`s arguments at the sentencing hearing. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which includes a specific sentence of 16 years or 192 months, because the Court is satisfied that the agreed sentence departs for justifiable reasons.**

**The defense faced problems in going to trial. The evidence against Allen was substantial. The victim is articulate and was very adamant about testifying that the offenses occurred in the way she described them. The victim was willing to testify. The victim`s testimony would have been very persuasive to a jury. The victim reported the offense almost immediately, and physical evidence was obtained. The victim was examined at a hospital, and there were photographs taken of the body areas in question. Had the case gone to trial, this evidence would have come into the record, and would have been damaging to the defense. Furthermore, there was some DNA evidence that likely would have come into evidence during trial. Although the evidence against Allen was strong, the United States did not have a confession from Allen. The United States wanted a conviction in this case, and it is not guaranteed that the jury would have convicted Allen had the case gone to trial. The victim recently turned eighteen years of age and is graduating from high school this year. The victim has represented that she is ready to move on with her life. The victim and her aunt, who is her guardian, have indicated that this incident has put a strain on their entire family.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes, after carefully considering counsel`s arguments, that the punishment that the guidelines set forth is not appropriate for this sort of offense. The Court has also considered the kinds of sentence and ranges that the guidelines establish, and the Court agrees that a sentence of 192 months reflects the seriousness of this offense. Certainly a thirty-year sentence would reflect the seriousness of this offense, but the Court believes that a 192-month sentence does as well. The Court believes that a 192-month sentence is sufficiently long to promote respect for the law. The Court believes that a number of factors indicate that a 192-month sentence provides a just punishment. The evidence against Allen is very strong, so a lengthy sentence is necessary, but, as the United States pointed out, there is no confession in this case; experience teaches counsel and the Court that lack of admissions in this category of crimes can create problems for the United States at trial. Allen has maintained his innocence. Given this defense, and given the standard of proof beyond a reasonable doubt, a jury might not convict Allen. The Court believes that a 192-month sentence affords adequate deterrence for Allen and provides general deterrence. The Court believes that a sentence of 192 months is adequate to protect the public without more incarceration. Certainly a longer period of time would provide more deterrence and more protection, but because of some things the Court will put in place for supervised release, the Court can enhance the protection of the public. Because of some of the things the Court will include as part of supervised release, the Court believes that it will effectively provide Allen with the needed education, training, and care to overcome the sexual problems that he has.**

**After careful consideration of the plea agreement, the Court believes that a sentence of 192 months fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court does not believe the wishes of the victim and her family should be a controlling factor in its analysis under 18 U.S.C. § 3553(a), the Court nonetheless believes that the wishes of the victim play some role in providing a just punishment. Here, she desires, and her aunt desires, to move on, and her lack of presence at the sentencing hearing suggests that this incident has had a significant strain on her and her family. The Court believes that these wishes are factors in providing a just punishment. The public and congressional intent is paramount to individual wishes in sentencing, but the Court believes that these wishes indicate that a sentence of 192 months provides just punishment. And while the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose**

a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court believes a sentence of 192 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

☒     The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends Tucson Federal Correctional Institution, Tucson, AZ, or the closest appropriate facility to Defendant`s home, if eligible.**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
       ☐     at  on
       ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ☐     before 2 p.m. on
       ☐     as notified by the United States Marshal
       ☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Leroy Allen**
Case Number: **1:09CR02056-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☒ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall immediately register as a sex offender at the Sheriff's Office or designated agency in the permanent or temporary county of residence and in accordance with all registration requirements in local, state and federal laws;
15) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
16) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

17) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;

18) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;

19) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;

20) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;

21) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;

22) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Case 1:09-cr-02056-JB   Document 52   Filed 03/29/11   Page 6 of 7

AO 245B (Rev. 12/10) Sheet 3 — Judgment - Page 6 of 7

Defendant: **Leroy Allen**
Case Number: **1:09CR02056-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol and any other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant shall reside at and complete a program at a Residential Re-Entry Center for a period of at least 6 months as approved by the probation officer.**

**The defendant will have no contact with the victim at anytime.**

**The defendant must not have contact with children under the age of 17 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling or prescribed medication as approved by the probation officer. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

Defendant: **Leroy Allen**
Case Number: **1:09CR02056-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable in this case. However, neither the victim, nor her guardian, incurred any financial expenses as a result of the sexual assault on January 15, 2007; therefore, restitution will not be ordered at this time.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.